AO 241    (Rev. 5/85)

**04 10917 WGY**

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 USC § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions–Read Carefully*

MAGISTRATE JUDGE Collings

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your person account exceeds $_____, you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

RECEIPT # 55738
AMOUNT $ 5.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. CMG
DATE 5-7-04

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Massachusetts | |
|---|---|---|
| Name<br>James P. Kartell | Prisoner No.<br>W68367 | Case No. |
| Place of Confinement<br>Pondville Correctional Center<br>P.O. Box 146<br>Norfolk, MA 02056 | | |
| Name of Petitioner (include name under which convicted)<br>JAMES P. KARTELL<br><br>V. | Name of Respondent (authorized person having custody of petitioner)<br>BRIAN BURGWINKLE, Deputy Superintendent<br>and<br>THOMAS F. REILLY | |
| The Attorney General of the State of: MASSACHUSETTS | | |

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   Essex County Superior Court
   Salem, Massachusetts

2. Date of judgment of conviction   July 19, 2000

3. Length of sentence   five to eight years in state prison

4. Nature of offense involved (all counts)   manslaughter

5. What was your plea? (Check one)
   (a) Not guilty         X
   (b) Guilty             ☐
   (c) Nolo contendere    ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury         X
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes   X    No   ☐

8. Did you appeal from the judgment of conviction?
   Yes   X    No   ☐

9. If you did appeal, answer the following:

   (a) Name of court  Massachusetts Appeals Court

   (b) Result  Judgment affirmed

   (c) Date of result and citation, if known  June 30, 2003; 58 Mass. App. Ct. 428 (2003)

   (d) Grounds raised  violation of federal constitutional rights to due process of law, to present a defense and to confront witnesses on the basis of all of the grounds, individually and cumulatively, listed in paragraph 12, herein.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court  Supreme Judicial Court of Massachusetts

      (2) Result  application for further appellate review denied

      (3) Date of result and citation, if known  September 5, 2003; 440 Mass. 1102 (2003)

      (4) Grounds raised  all grounds listed in paragraph 12, herein

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court  N/A

      (2) Result  _____

      (3) Date of result and citation, if known  _____

      (4) Grounds raised  _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes  x   No  ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  Massachusetts Appeals Court

        (2) Nature of proceeding  Petition for stay of execution of sentence pending appeal

        (3) Grounds raised  Release from custody sought because appeal raised meritorious issues

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No  x

(5) Result  Petition denied

(6) Date of result  September 27, 2000

(b) As to any second petition, application or motion give the same information:

(1) Name of court  Supreme Judicial Court

(2) Name of proceeding  Petition for stay of execution of sentence pending appeal

(3) Grounds raised  (1) Release from custody because appeal raised meritorious issues

(2) Unreasonable delay in prosecution of appeal

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No  x

(5) Result  Petition denied

(6) Date of result  October 26, 2000 & November 15, 2001

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☐  No  x
(2) Second petition, etc.    Yes  x  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Same grounds raised in independent petition to single justice of state highest court

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Violation of federal constitutional right to due process of law and free exercise of religious belief by instruction which allowed the jury to consider the defendant's atheism when evaluating the defendant's credibility

Supporting FACTS (state *briefly* without citing cases or law): After the defendant objected to the repeated references by the prosecutor to the defendant's absence of religious belief, the judge instructed the jury that while there were no issues of religious belief, this "area" was before them as evidence "on the witness's credibility."

B. Ground two: Violation of federal constitutional rights to due process of law and right to present a defense by instructions on self-defense which allowed consideration of the second fatal shot as the sole basis for conviction.

Supporting FACTS (state *briefly* without citing cases or law): The defendant asserted that he shot the decedent in self-defense during the course of a fight. Undisputed evidence established that the defendant was being savagely beaten and that each of the two shots fired was independently fatal. The jury instructions permitted the jury to find the defendant guilty of manslaughter based upon the second shot even if the defendant had acted in legitimate self-defense when he fired the first shot seconds before.

AO 241   (Rev. 5/85)

C. Ground three: Violation of federal constitutional rights to due process of law and right to present a defense by excluding evidence of the decedent's past behavior and character.

Supporting FACTS (state *briefly* without citing cases or law): The trial judge excluded from evidence information about the decedent's past, which was on the defendant's mind during the incident and which had influenced the manner in which he had responded to the decedent's attack. The evidence included the decedent's cruel behavior when stirred to anger exemplified by an incident in which he had cut his daughter's braid because of her inability to complete math homework and the fear expressed by the decedent's ex-wife in seeking a restraining order against him.

D. Ground four: Violation of federal constitutional right to confront witnesses by admission of unavailable witness's statement concerning the defendant's alleged habitual behavior as spontaneous utterance.

Supporting FACTS (state *briefly* without citing cases or law): The defendant's wife, who witnessed the incident, asserted her spousal privilege not to testify. The defendant objected to the admission of her characterization that the defendant's usual habit was to carry his weapon in an ankle holster, not in a pocket holster which he was wearing at the time of the incident.

[SEE ATTACHMENT FOR ADDITIONAL GROUND]

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: All were presented

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No  X

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing   J.W. Carney, Jr. & Andrew D'Angelo, Carney & Bassil, 20 Park Plaza, Suite 1405 Boston, MA 02116

    (b) At arraignment and plea   Same as above

AO 241    (Rev. 5/85)

(c) At trial  Same as above

(d) At sentencing  Same as above

(e) On appeal  Michael J. Traft & J.W. Carney, Jr., Carney & Bassil, 20 Park Plaza, Suite 1405, Boston, MA 02116

(f) In any post-conviction proceeding  Same as above

(g) On appeal from any adverse ruling in a post-conviction proceeding  Same as above

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☐   No  X

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No  X
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

April 30, 2004
Date

_____
Signature of Petitioner

(7)

# ATTACHMENT TO PARAGRAPH 12

E. Ground five: Violation of federal constitutional right to due process of law by cumulative errors including, in addition to grounds A through D above, the admission of irrelevant evidence and prosecutorial misconduct with respect to discovery issues and final argument

Supporting FACTS (state briefly without citing cases or law): The trial judge admitted evidence that the hospital in which the shooting occurred prohibited the possession of weapons inside the facility although there was no direct evidence that the defendant was aware of the existence of the policy. On several occasions, the prosecutor failed to disclose that witnesses had given statements to the prosecutor which were different from those previously disclosed. The prosecutor's final argument contained numerous inferences not based on evidence which he employed to suggest that this was not a sudden, unplanned altercation but rather the defendant had deliberately arranged to provoke a fatal confrontation.