UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**JAMES P. KARTELL**
    Petitioner

                                                                           **Civil Action No. 04-10917-WGY**

v.

**BRIAN BURGWINKLE**[1]
    Respondent

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to Rule 5 of the Rules Governing Section 2254 cases, the respondent, Brian Burgwinkle, by and through his counsel, the Attorney General of the Commonwealth of Massachusetts, hereby answers the Petition for Writ of Habeas Corpus (the "Petition") as follows:

1.      The respondent admits the factual allegations contained in paragraph 1 of the Petition.

2.      The respondent denies the factual allegations contained in paragraph 2 of the Petition because the docket sheets reflect that the petitioner was convicted on June 26, 2000, and was sentenced on July 19, 2000.

3.      The respondent admits the factual allegations contained in paragraph 3 of the Petition.

4.      The respondent admits the factual allegations contained in paragraph 4 of the Petition.

---

[1] The petitioner mistakenly names Thomas F. Reilly, the Attorney General of the Commonwealth of Massachusetts as a respondent. Only the superintendent of the institution where the petitioner is incarcerated, here Brian Burgwinkle, may be properly named as a respondent. See 28 U.S.C. § 2254 Rule 2(a).

2

      5.      The respondent admits the factual allegations contained in paragraph 5 of the Petition.

      6.      The respondent admits the factual allegations contained in paragraph 6 of the Petition.

      7.      The respondent admits the factual allegations contained in paragraph 7 of the Petition.

      8.      The respondent admits the factual allegations contained in paragraph 8 of the Petition.

      9(a)-(f). The respondent admits the factual allegations contained in subparagraphs 9(a)-(c) of the Petition.  To the extent the petitioner refers to paragraph 12 of his petition in subsection 9(d), the respondent states that no answer is necessary here as he will respond to those allegations in paragraph 12 of his answer.  Further, to the extent the petitioner claims to have alleged violations of Federal Constitutional law in the Massachusetts Appeals Court, the respondent denies the allegations.  The respondent admits the factual allegations contained in subparagraph 9(e); however, the respondent further answers that the petitioner did not raise Federal Constitutional arguments relating to his claims concerning the trial court's instruction on self-defense, the inadmissibility of evidence concerning the victim's past behavior and character, the admissibility of an excited utterance by the defendant's wife, and that the petitioner did not sufficiently raise his claim pertaining to cumulative error before the Supreme Judicial Court.  The petitioner admits the factual allegations contained in subparagraph 9(f) of the Petition.

      10.      The respondent admits the factual allegations contained in paragraph 10 of the Petition.

3

11(a).   The respondent admits the factual allegations contained in subparagraph 11(a) of the Petition, except respondent denies the factual allegations contained in subparagraph 11(a)(4) because the docket sheets reflect that the Court held a hearing on that petition.  Further, the respondent states that with respect to paragraph 11(a)(6), the petition was denied on September 29, 2000.

11(b).   The respondent admits the factual allegations contained in subparagraphs 11(b)(1)-(3) and 11(b)(5)-(6).  The respondent denies the factual allegations contained in subparagraph 11(b)(4) because the docket sheets reflect that the Court held hearings in both matters.

11(c).   The respondent admits the factual allegations contained in subparagraph 11(c) of the Petition.

11(d).   The respondent admits the factual allegations contained in subparagraph 11(d) of the petition.

12.   The respondent states that paragraph 12 of the Petition contains legal argument and conclusions to which no response is required.  To the extent that paragraph 12 contains allegations of fact that do not comport with the Massachusetts Appeals Court's findings of fact, they are denied.

13.   The respondent denies that the petitioner presented all of his claims to the Supreme Judicial Court of Massachusetts as the exhaustion doctrine requires.  *See* 28 U.S.C. § 2254(b).

14.   The respondent admits, on information and belief, the factual allegations contained in paragraph 14 of the Petition.

4

15(a)-(g). The respondent admits, on information and belief, the factual allegations contained in each subparagraph.

16. The respondent admits the factual allegations contained in paragraph 16 of the Petition.

17. The respondent admits, on information and belief, the factual allegations contained in paragraph 17 of the Petition.

### First Affirmative Defense

The Petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

### Second Affirmative Defense

The Petition should be denied because the petitioner did not fairly present the substance of any of his federal claims to the Supreme Judicial Court of Massachusetts as the exhaustion doctrine requires.  *See* 28 U.S.C. § 2254(b).

### Third Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was contrary to, or involve an unreasonable application of, clearly-established federal laws as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d)(1).

### Fourth Affirmative Defense

The Petition should be denied because the state-court adjudication of the petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings.  *See* 28 U.S.C. § 2254(d)(2).

5

### Fifth Affirmative Defense

The Petition should be denied because the petitioner cannot rebut the presumption of correctness accorded to the state court's factual determinations underlying his purportedly federal constitutional claims. *See* 28 U.S.C. § 2254(e)(1).

### Sixth Affirmative Defense

The Petition should be denied to the extent the petitioner's grounds for relief are premised solely on matters of state law.

### Seventh Affirmative Defense

The Petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

### Eighth Affirmative Defense

The Petition should be denied if and to the extent that the decision of the state court below rests on a state law ground that is both independent of the federal questions the petitioner presents here and adequate to support the judgment.

### Ninth Affirmative Defense

The respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

### Supplemental Rule 5 Materials

In accordance with Rule 5 of the Habeas Rules, the respondent states that, based on his preliminary review, the Petition appears to be timely filed , 28 U.S.C. § 2244(d). The petitioner, however, did not exhaust his state-court remedies before filing his petition. 28 U.S.C. § 2254(b). Relevant portions of the state-court record, as well as a list of available transcripts, are contained

6

in Respondent's Supplemental Record Appendix, which is filed with this answer.

WHEREFORE, the respondent respectfully requests that the Petition for a Writ of Habeas Corpus be denied.

Respectfully submitted,

THOMAS F. RILEY
Attorney General

/s/ Daniel I. Smulow
Daniel I. Smulow, BBO No. 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2949

Dated: June 10, 2004

## CERTIFICATE OF SERVICE

I, Daniel I. Smulow, hereby certify that on June 10, 2004, I served a true copy of this document by first class mail to: Michael J. Traft, Esq., Carney & Bassil, 20 Park Plaza, Suite 1405, Boston, MA 02116.

/s/ Daniel I. Smulow