**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**JAMES P. KARTELL**
        **Petitioner**

                                                    **Civil Action No. 04-10917-WGY**

**v.**

**BRIAN BURGWINKLE**
        **Respondent**

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HIS**
**MOTION TO DISMISS HABEAS CORPUS PETITION FOR FAILURE**
**TO EXHAUST STATE COURT REMEDIES**

The respondent, Brian Burgwinkle, submits this memorandum of law in support of his

motion to dismiss the habeas corpus petition filed by James P. Kartell ("the petitioner"). As this

memorandum explains, this Court should dismiss the suit because the petitioner has failed to

exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). The respondent has

not briefed his remaining defenses because the petitioner's failure to exhaust warrants dismissal

of his petition.

**PRIOR PROCEEDINGS**

The facts underlying the petitioner's conviction are set forth in the Massachusetts

Appeals Court's opinion in *Commonwealth v. Kartell*, 58 Mass. App. Ct. 428, 790 N.E.2d 739

(2003). For purposes of this memorandum, it suffices to quote the following passage from that

decision: "On the evening of February 23, 1999, the [petitioner] and Janos Vajda engaged in a

violent confrontation at Methuen's Holy Family Hospital where Susan Kamm, the [petitioner's

wife] was being treated for pneumonia. The confrontation ended when the [petitioner] shot

Vajda twice, killing him." *Id.* at 429.

2

Subsequently, an Essex County, Massachusetts grand jury indicted the petitioner for first-degree murder, *see* Mass. G.L. c. 265, § 1, and an Essex Superior Court jury convicted him, on June 23, 2000, of voluntary manslaughter (Borenstein, J., presiding). *See* S.A. 1: 1, 7. Judge Borenstein sentenced the petitioner to a committed five-to-eight year state prison term on July 19, 2000. *See* S.A. 1: 8.

The petitioner filed a timely notice of appeal and the Massachusetts Appeals Court docketed his case on January 24, 2002. That court affirmed the petitioner's conviction on June 30, 2003. *See Kartell*, 58 Mass. App. Ct. 428, 790 N.E.2d 739 (2003).

The defendant filed his application for leave to obtain further appellate review ("alofar") in the Supreme Judicial Court ("SJC") on July 21, 2003. *See* S.A.: 5. In his application, the petitioner claimed improprieties with respect to: 1) the self-defense instruction permitting the jury to differentiate between the justification for the first and second gunshots; 2) the exclusion of evidence that the victim cut his daughter's braid when she was unable to complete her math homework some sixteen years earlier, and that the victim's ex-wife obtained a restraining order against him; 3) the admission of his wife's excited utterance that he typically carried his firearm in a leg holster, as opposed to in his front pants pocket; and 4) the judge's instruction concerning his religious beliefs. He also claimed that the cumulative errors rendered the trial unfair. The SJC denied the petitioner's alofar on September 5, 2003. *See* 440 Mass. 1102, 795 N.E.2d 573 (2003).

3

**ARGUMENT**

**THIS COURT SHOULD DISMISS THE PETITION
BECAUSE NONE OF THE CLAIMS IS EXHAUSTED**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available

state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and

correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, ___ U.S. ___, 124

S. Ct. 1347, 1349 (2004) (internal quotations omitted); *Adelson v. Dipaolo*, 131 F.3d 259, 261

(1st Cir. 1997).  "The exhaustion doctrine is principally designed to protect the state courts' role

in the enforcement of federal law and prevent disruption of judicial proceedings." *Rose v. Lundy,*

455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.

484, 490-491 (1973)).  It also "promotes comity in that it would be unseemly in our dual system

of government for a federal district court to upset a state court conviction without an opportunity

to the state courts to correct a constitutional violation." *Duncan v. Walker*, 533 U.S. 167, 179

(2001) (internal quotations omitted).  The Supreme Court's interpretation of the doctrine,

codified at 28 U.S.C. § 2254(b)(1)(A), "provides a simple and clear instruction to potential

litigants: before you bring any claims to federal court, be sure that you first have taken each one

to state court." *Rose*, 455 U.S. at 520.

To satisfy the exhaustion requirement, a petitioner must "demonstrate that he tendered

each claim 'in such a way as to make it probable that a reasonable jurist would have been alerted

to the existence of the federal question.'" *Adelson*, 131 F.3d at 262 (quoting *Scarpa v. Dubois*,

38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995)).[1]  This "calculation is informed

---

[1]Because a petitioner for habeas relief must present his claims to the state's highest court
before they can be properly deemed exhausted, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999),

4

'by trappings - [*i.e.*] specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, [and] argument with no masking state-law character.'" *Adelson*, 131 F.3d at 262 (quoting *Nadworny v. Fair*, 872 F.2d 1093, 1101 (1st Cir. 1989), *cert. denied*, 507 U.S. 963 (1993)). "The fewer the trappings that adorn a petitioner's state-court filings, the less likely that [a federal court] will find his federal claim to have been exhausted." *Adelson*, 131 F.3d at 262.

A.    The Petitioner's Claims Are Unexhausted

The petitioner's first ground for relief is his claim that his federal constitutional rights to due process of law and the free exercise of religion were violated by the trial judge's instruction permitting the jurors to consider his atheism when evaluating his credibility.[2]  *See* Habeas Pet. 5. In his alofar, he presented this claim as: "The trial judge's comments concerning the use of evidence concerning religious beliefs . . . rendered the trial fundamentally unfair," *see* S.A. 5: 34, and in the body of this argument, he merely hinted that "[t]his comment violated the defendant's First Amendment rights." *See* S.A.: 5: 35.  In short, the petitioner's alofar failed to articulate, in even the barest of terms, how the instruction violated his First Amendment rights.  It contained no federal precedent and no substantive constitutional analogy whatsoever.  "[T]he mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim."

---

the pleadings contained within the "four corners" of the petitioner's alofar determine whether he exhausted a particular claim.  *Barresi v. Maloney*, 296 F.3d 48, 52 (1st Cir. 2002); *Baldwin v. Reese*, ___ U.S. ___, 124 S. Ct. 1347, 1349 (2004).

[2] In fact, the issue was significantly more nuanced than this claim suggests.  *See Commonwealth v. Kartell*, 58 Mass. App. Ct. 428, 434-438, 790 N.E.2d 739, 757-747 (2003).

5

*Adelson*, 131 F.3d at 263 (citing *Gagne v. Fair*, 835 F.2d 6, 8 (1st Cir. 1987); *Dougan v. Ponte*,

727 F.2d 199, 201 (1st Cir. 1984).  Under these circumstances, ground one of the petition is

unexhausted.  While the petitioner's failure to exhaust this claim necessitates dismissal of the

entire petition,[3] *see Rose*, 455 U.S. at 522 ("a district court must dismiss habeas petitions

containing both unexhausted and exhausted claims"), the respondent analyzes the petitioner's

remaining claims, all of which are unexhausted, for the sake of completeness.

The petitioner's second ground for relief focuses on the trial judge's instruction that,

when considering whether the petitioner acted in self-defense, the jurors could consider whether

he was justified in shooting the victim a second time.  *See* Habe Pet. 5.  As noted in *Brown v.*

*United States*, 256 U.S. 335 (1921), the one federal case the petitioner relied upon in his alofar,

the right to engage in self-defense derives from the common law.  *Id.* at 343.  It does not, as the

petitioner alleges, derive from the federal Constitution, nor does it involve the laws or treaties of

the United States.   Thus, ground two, as presented to the state court, involves no federal question

and provides no basis for habeas corpus relief.  *See* 28 U.S.C. § 2254(a).  If, however, the Court

rules that the right of self-defense does present a cognizable federal issue, it should dismiss the

---

[3] This Court should, in its discretion, dismiss the petition, as opposed to staying the proceedings.  *See Delaney v. Matesanz*, 264 F.3d 7, 14 n.5 (1st Cir. 2001); *Laurore v. Spencer*, 267 F. Supp. 2d 131, 138 n.4 (D. Mass. 2003) (Young, J.).  The petitioner's conviction did not become final until December 5, 2003, *see Neverson v. Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004)  (conviction becomes final when ninety day period for seeking certiorari expires), and he filed his petition on May 7, 2004.  This leaves approximately seven months before expiration of the AEDPA's statute of limitations, *see* 28 U.S.C. § 2244(d)(1)(A).  Thus, there is no "realistic danger that a second petition, filed after exhaustion has occurred, will be untimely," *Neverson*, 366 F.3d at 42, particularly where the filing of a motion for a new trial will toll the statute of limitations.  *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  Dismissal is particularly appropriate where, as here, not one of the petitioner's claims is exhausted.

6

claim as unexhausted because the petitioner's citation to *Brown* was insufficient to alert the SJC

to the presence of a federal claim. *See Adelson*, 131 F.3d at 262; *see also Nadworny*, 872 F.2d at

1101 ("There is more to a petitioner's burden than simply citing a federal case or two.").

The petitioner's third claim, that his federal constitutional rights to due process and to

present a defense were violated by the trial judge's exclusion of evidence that the victim's former

wife obtained a restraining order against the victim, and that the victim allegedly cut his

daughter's braid some sixteen years earlier when she was unable to complete her math

homework, is plainly unexhausted. This is so because in his alofar, the petitioner did nothing

more than claim an unspecified violation of his state and federal constitutional rights. *See* S.A.

5: 31; *Adelson*, 131 F.3d at 263. Further, neither of the cases he relied upon to support his vague

constitutional claim, *Commonwealth v. Benjamin*, 430 Mass. 673, 722 N.E.2d 953 (2000), and

*Commonwealth v. Fontes*, 396 Mass. 733, 488 N.E.2d 760 (1986), discuss the federal

Constitution in this vein. Thus, his alofar was insufficient to alert a reasonable jurist to the

existence of any federal question, rendering this claim unexhausted as well. *See Adelson*, 131

F.3d at 262; *see also Nadworny*, 872 F.2d at 1101.

Similarly, the petitioner failed to exhaust his fourth claim, concerning the admission of

his wife's excited utterance. As with his third claim, the petitioner claimed a violation of

unspecified constitutional rights in his alofar, *see* S.A. 5: 34, and the case he relied upon,

*Commonwealth v. Bianchi*, 435 Mass. 316, 757 N.E.2d 1087 (2001), did not support his federal

constitutional claim. Further, the other cases he cited in this section of his alofar,

*Commonwealth v. Santiago*, 437 Mass. 620, 774 N.E.2d 143 (2002), and *Commonwealth v. King*,

436 Mass. 252, 763 N.E.2d 1071 (2002), do not refer to the federal Constitution with respect to

7

this issue. This claim is unexhausted as well.

Finally, the petitioner's fifth claim, concerning the cumulative error, was obfuscated in

the last sentence of his alofar. To the extent the SJC would have considered this proper

argument, *see* Mass. R. App. P. 16(a)(4), and to the extent that cumulative error can ever form

the basis for a viable due process claim, *see Baze v. Parker*, ___ F.3d ___, 2004 WL 1252717

*16 (6th Cir. 2004) (cumulative error analysis inappropriate under the AEDPA because

cumulative theory depends upon non-Supreme Court precedent), *but see Marshall v. Hendricks*,

307 F.3d 36, 94 (3d Cir. 2002) ("recognizing that errors that individually do not warrant a new

trial may do so when combined.), *cert. denied*, 538 U.S. 911 (2003), as with his first four claims,

this claim is also unexhausted.

        B.      None of the Exceptions to the Exhaustion Doctrine Apply In this Case

Although the courts have "made no bones about the fact that a failure to exhaust

ordinarily is 'fatal' to the prosecution of a habeas petition," *Jackson v. Coalter*, 337 F.3d 74, 86

(1st Cir. 2003) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), there are two

exceptions to this rule. The first occurs when "there is an absence of available State corrective

process" and the second occurs when "circumstances exist that render such process ineffective to

protect the rights of the applicant." 28 U.S.C. §§ 254(b)(1)(B)(i)-(ii). Neither exception applies

here. The defendant need only file a motion for a new trial in Essex Superior Court, *see* Mass. R.

Crim. P. 30(b), this time alleging his federal claims, to begin the process of exhausting his

available state court remedies.

**CONCLUSION**

For the foregoing reasons, this Court should dismiss the petition for writ of habeas

8

corpus.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Daniel I. Smulow
Daniel I. Smulow, BBO # 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2949

Dated: June 22, 2004

## Certificate of Service

I, Daniel I. Smulow, hereby certify that on June 22, 2004, I served a true copy of this document by first class mail to: Michael J. Traft, Esq., Carney & Bassil, 20 Park Plaza, Suite 1405, Boston, MA 02116.

/s/ Daniel I. Smulow
