UNITED STATES DISTRICT COURT
District of Massachusetts
Case No. 1:04-cv-10917-WGY

JAMES P. KARTELL,
    Petitioner,

v.

BRIAN BURGWINKLE, as he is Deputy Superintendent of
    Pondville Correctional Center, Norfolk, Massachusetts

and

THOMAS F. REILLY, as he is Attorney General
    of the Commonwealth of Massachusetts,
    Respondents

**MEMORANDUM OF LAW IN OPPOSITION
TO RESPONDENT'S MOTION TO DISMISS
HABEAS CORPUS PETITION FOR FAILURE
TO EXHAUST STATE COURT REMEDIES**

The petitioner, James P. Kartell submits this memorandum in opposition to the respondent's motion to dismiss the petition for failure to exhaust state court remedies. As this memorandum will make clear, the petitioner fully presented the federal constitutional arguments incorporated in this petition to the appellate courts of Massachusetts. Since his criminal conviction in this matter on June 23, 2000, the petitioner has remained incarcerated. While imprisoned, he has been required to undergo cardiac surgery. In light of the fact that he continues to suffer from infirmities due to age and health, the petitioner requests that this court require the respondent to submit a memorandum addressing the substantive issues in the petition within a reasonably prompt time and expedite the resolution of the petition. The petitioner incorporates by reference the memorandum of law in support of the petition for writ of habeas corpus filed in this court on May 17, 2004.

**ARGUMENT**

**I.   ALL OF THE CLAIMS IN THIS PETITION WERE ADEQUATELY PRESENTED TO THE MASSACHUSETTS APPELLATE COURTS**

A state court prisoner who petitions for a writ of habeas corpus must have first exhausted any state court remedies with respect to the particular claims presented. Picard v. Connor, 404 U.S. 270, 277-278, 92 S.Ct. 509 (1971). It is not enough to merely recite the factual underpinnings of the

claim. Laurore v. Spencer, 267 F.Supp.2d 131, 135 (D.MA 2003). The federal character of the legal argument must be readily apparent. Casella v. Clemons, 207 F.3d 18, 21 (1st Cir. 2000). The presentation need not take any particular form and can be satisfied by reference to a federal source of law, citation to a case decided on similar federal grounds, or "by simply labeling the claim 'federal'." Baldwin v. Reese, 124 S.Ct.1347, 1351 (2004). The petitioner has satisfied the exhaustion requirement so long as a reasonable jurist would have recognized the federal nature of the claim. Rashad v. Walsh, 300 F.3d 27, 41 (1st Cir. 2002).

In evaluating whether a petitioner has raised a federal claim, the federal court necessarily addresses issues of probability. There are multiple ways in which a claim can be presented. Barresi v. Maloney, 296 F.3d 48, 52 (1st Cir. 2002). Since the federal issue must be presented to the state's highest court, in cases such as the petitioner's, where an intermediate appellate court has rendered an opinion and the petitioner has been denied discretionary review by the state's supreme court, the critical document is the application for leave to obtain further appellate review (ALOFAR). Adelson v. DiPaula, 131 F.3d 259, 263 (1st Cir. 1997). That document is examined in context and in conjunction with the arguments as presented to the Appeals Court. Barresi v. Maloney, 296 F.3d 48, 52-53 (1st Cir. 2002). The Court need not peruse trial court documents in an attempt to discover the federal principle. Baldwin v. Reese, supra.

The respondent claims that, despite the fact that all of the substantive issues were unquestionably presented and addressed in the state court appeal and that the ALOFAR contains multiple references to the federal constitution, the petitioner has not raised any of his federal claims in state court. In a case where the petitioner seeks review for five separate violations of federal law, the ALOFAR must be considered in light of the restraints of the format. The application is restricted to ten pages of argument, which must discuss reasons why further review is appropriate. Mass. R.A.P. 27.1 (b). This necessarily requires a discussion of how the facts relate to the legal principles, how the Appeals Court erred in its resolution of the claim, and why that substantially affects the public interest or the interest of justice. Mass. R.A.P. 27.1 (a). Any rule which would require the petitioner to have peppered his ALOFAR with numerous federal citations and analysis before the

2

federal issue can be considered on habeas review, unfairly restricts access to the Federal Court, in violation of the petitioner's federal constitutional right to due process of law.

Here the petitioner sought to raise five issues, all of which contained a federal component. It was simply impossible for him to include in the ALOFAR a comprehensive legal discussion of any of them. Relevant First Circuit opinions and the most recent Supreme Court opinion seem to recognize this difficulty and thus do not construct an elaborate barrier to review. An incarcerated defendant should not be required to use an artificial code in order to obtain the opportunity in the federal court to correct a state court injustice.

With respect to the first issue in the petition, the instruction which permitted consideration of the defendant's lack of religious belief in evaluating his credibility, the petitioner specifically labeled his claim as constituting a violation of his First Amendment rights. (ALOFAR, p. 35). Moreover, in its consideration of the issue, the Appeals Court recognized that the improper inclusion of issues concerning religious beliefs violates both the federal and state constitutions. Commonwealth v. Kartell, 58 Mass. App. Ct. 428, 436, 790 N.E.2d 739 (2003). The Massachusetts Supreme Judicial Court (SJC) unquestionably must have recognized the federal constitutional component of this argument. Barresi v. Maloney, 296 F.3d 48, 53-54 (1st Cir. 2002).

The second issue, which challenges the instructions to the jury concerning self-defense, likewise is specifically labeled in the SJC filing as a violation of the defendant's constitutional right to due process of law and cites a United States Supreme Court opinion on the point. (ALOFAR, p. 27). The Appeals Court opinion acknowledges the federal basis for the claim in its citation of cases which discuss the issue in its federal context. Commonwealth v. Kartell, supra., at 430-431. If that were not enough to demonstrate the nature of the claim, the petitioner's brief to the Appeals Court contains numerous citations which discuss the issue in its federal context, e.g., Dlugash v. State, 476 F.Supp. 921, 924 (D.C. NY 1979). (Petitioner's Appeals Court brief, pp. 34-36). These references adequately presented the federal issue. Paulding v. Allen, 300 F.Supp.2d 247 (D.MA 2004).

3

There can be no doubt that the evidentiary issues, raised as the third and fourth grounds in this petition, were presented to the SJC as containing a federal constitutional component. The third issue, which discusses the exclusion of evidence concerning the petitioner's state of mind, is presented as a federal constitutional issue in the ALOFAR (pp. 31-33) and discussed as such in his original and reply briefs to the Appeals Court, (Brief, p. 38, reply brief, p. 6). Moreover, the Appeals Court's opinion specifically discusses the federal constitutional principle. Commonwealth v. Kartell, supra., at 433, n.2. Similarly, the body of the argument in the ALOFAR invokes the federal constitutional basis for the fourth issue, concerning the improper admission of hearsay as an excited utterance. (ALOFAR, p. 34). The Appeals Court opinion cites to the then-recent SJC opinion in Commonwealth v. Santiago, 437 Mass. 620, 626 (2002). The federal aspect of this issue is discussed in the Appeals Court opinion in that case, Commonwealth v. Santiago, 52 Mass. App. Ct. 667, 676, n.2 (2001), a reference specifically cited by the petitioner in his explicit discussion of the constitutional claim in his Appeals Court brief. (Brief, p. 48). The primary reliance on Massachusetts precedent for the discussion of these issues in Massachusetts courts does not forego the federal constitutional claim where the principles invoked are quite similar. Barresi v. Maloney, supra., at 54-55, Fortini v. Murphy, 257 F.3d 39, 44-45 (1st Cir. 2001), cert. denied, 535 U.S. 1018 (2002).

The fifth issue encompasses several issues included in the presentation to the Appeals Court and considered by them in affirming the judgment. The ALOFAR references them as additional support for vacating the conviction in the argument on the fourth issue and characterizes them as rendering the trial "patently unfair." (ALOFAR, pp. 35-36). The Appeals Court opinion had disposed of these points in a footnote. Commonwealth v. Kartell, supra., at 430, n.1. The federal constitutional nature of these various claims is made explicit in the petitioner's presentation on appeal. (Brief, pp. 37, 54, 56-61). See, Neverson v. Bissonette, 242 F.Supp2d 78, 85-86 (D.MA 2003). These references are adequate to demonstrate that the petitioner had not abandoned these claims and continued to assert a violation of his federal due process rights. Barresi v. Maloney, supra., at 55.

4

The respondent's comments on the sufficiency of argument and the merits of this particular issue are beside the point. The argument standards of Mass. R.A.P. 16(a)(4) apply to briefs, not to the statement of reasons as to why further appellate review should be authorized. The exhaustion requirement refers only to the presentation of a federal argument, not the strength of the assertion. Fryar v. Bissonette, 318 F.3d 339, 341-342 (1st Cir. 2003).

All five of the petitioner's claims were raised in one form or another in the Massachusetts appellate courts. The respondent's motion to dismiss should therefore be denied.

**II. IF THIS COURT DETERMINES THAT ANY OF THE ISSUES HAVE NOT BEEN EXHAUSTED THE APPROPRIATE REMEDY IS TO STAY THE PETITION AND PROVIDE THE DEFENDANT THE OPTION TO EITHER AMEND THE PETITION TO ELIMINATE THE UNEXHAUSTED ISSUES OR TO FIRST PURSUE FURTHER STATE COURT REMEDIES**

The respondent suggests that if any issue is deemed not to have been exhausted, this court should simply dismiss the petition since the one-year time limit of 28 U.S.C. § 2244(d)(1)(A) has not yet been reached. As a practical matter, however, were the petitioner to present the allegedly unexhausted federal claims in a state court motion for new trial pursuant to Mass. R. Crim. P. 30, it is unlikely that such a motion, and the subsequent process of appellate review, would be resolved expeditiously. Indeed, with reduction of his sentence due to good-time credits, there remains the distinct possibility that the petitioner's sentence would be concluded before he could again proceed to litigate his federal claims.

The preferable course, where a petition contains both exhausted and unexhausted claims, is to provide the petitioner with the option to amend the petition to include only exhausted claims or to pusue the unexhausted claims in state court while the original petition is stayed. Laurore v. Spencer, 267 F.Supp.2d 131, 137-138 (D. MA 2003). Indeed a dismissal of the petition is fraught with procedural pitfalls, as the discussion in Neverson v. Farquharson, 366 F.3d 32, 42-44 (1st Cir. 2004) makes clear. See, Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 78-83 (1st Cir. 2002). Since there is no legitimate reason to do otherwise, if any issue is deemed unexhausted, this court should stay the petition and provide the petitioner with the option to either amend his claim or seek further state relief.

5

## REQUEST FOR ORAL ARGUMENT

If, after review of the memoranda, this Court is contemplating allowance of the motion, in whole or in part, the petitioner requests the opportunity for oral argument. In any event, the petitioner requests that this Court establish a specific date for the respondent to submit a memorandum on the substantive claims presented in the petition.

## CONCLUSION

For the foregoing reasons, this Court should deny the respondent's motion to dismiss the petition for writ of habeas corpus, or, in the alternative, should stay the petition pending the filing of an amended petition or the filing of a post-conviction motion in state court.

Respectfully submitted,
For JAMES P. KARTELL

MICHAEL J. TRAFT
B.B.O.# 501480
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
(617) 338-5566

July 6, 2004

## CERTIFICATE OF SERVICE

I, Michael J. Traft, hereby certify that on July 6, 2004, I served a copy of this document by first class mail to: Daniel I Smulow, Assistant Attorney General, Commonwealth of Massachusetts, One Ashburton Place, Boston, MA 02108.

Michael J. Traft