UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES P. KARTELL
    Petitioner

                                                Civil Action No. 04-10917-WGY

v.

BRIAN BURGWINKLE
    Respondent

**RESPONDENT'S MOTION TO RESCIND ORDER OF DECEMBER 16, 2004, IN LIGHT OF *RHINES v. WEBER*, AND DISMISS THE PETITION OR ORDER PETITIONER TO PROCEED WITH HIS SOLE, EXHAUSTED CLAIM**

The respondent, Brian Burgwinkle, moves this Court to dismiss the habeas corpus petition that is the subject of this case, or, in the alternative, order the petitioner to proceed with only the claim that he has exhausted. As grounds, the respondent states that recent Supreme Court authority, *Rhines v. Weber*, 544 U.S. ___, 125 S. Ct. 1528 (2005), renders the December 16, 2004 order of this Court invalid.

**PRIOR PROCEEDINGS**

James Kartell has petitioned this Court for habeas corpus relief from his 2000 Essex Superior Court conviction for manslaughter. The facts of that case, as determined by the Massachusetts Appeals Court, are straightforward: "On the evening of February 23, 1999, the [petitioner] and Janos Vajda engaged in a violent confrontation at Methuen's Holy Family Hospital where Susan Kamm, the [petitioner's wife] was being treated for pneumonia. The confrontation ended when the [petitioner] shot Vajda twice, killing him." *Commonwealth v. Kartell*, 58 Mass. App. Ct. 428, 429, 790 N.E.2d 739 (2003).

On May 7, 2004, the petitioner filed his habeas corpus petition in which he raised five

2

grounds for relief. The respondent moved to dismiss the petition for failure to exhaust state court remedies on June 22, 2004. This Court held a hearing on the matter on December 16, 2004. At the hearing, the respondent conceded that the petitioner had, in fact, exhausted his first ground for relief, but continued to press the argument that the remaining claims were unexhausted. That same day, the Court held that the petitioner had exhausted only his first claim and issued the following order:

> In order to avoid the necessity for counsel to appear at periodic status conferences, it is hereby ORDERED that the above-entitled action be and hereby is CLOSED without entry of judgment. All material statutes of limitation are tolled as of the date of the filing of the complaint herein as to all matters raised therein. The case may be reopened upon motion by any party demonstrating that the above-entitled impediment to trial has been removed. This closure is without prejudice to either party moving to restore it to the docket, if any further action is required.

See Docket, *Kartell v. Burgwinkle*, C.A. 04-10917-WGY.

On March 30, 2005, the United States Supreme Court issued its opinion in *Rhines v. Weber*, 544 U.S. ___, 125 S. Ct. 1528 (2005). That opinion forms the basis for the respondent's argument concerning the propriety of the Court's December 16, 2004 order.

**ARGUMENT**

In light of the interplay between *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982) (holding that mixed habeas corpus petitioner must be dismissed) and AEDPA's statute of limitations, *see* 28 U.S.C. § 2244(d)(1), many courts, including the First Circuit, have adopted "stay-and-abeyance" procedures. These procedures permit a district court to stay a habeas corpus case while the petitioner returns to state court to exhaust his claims if there is a "'realistic danger that a second petition, filed after exhaustion has occurred, will be untimely.'" *See Nowaczyk v.*

3

*Warden*, 299 F.3d 69, 79 (1st Cir. 2002) (quoting *Delaney v. Matesanz*, 264 F.3d 7, 13 n.5 (1st Cir. 2001).

This Court's December 16, 2004 "Order for Closure" is, in all respects, the functional equivalent of a stay-and-abeyance.[1] This is so because it is intended to toll "[a]ll material statutes of limitation" so that the petitioner may exhaust his claims in the Commonwealth's courts. When it entered, the order was harmonious with pertinent First Circuit case law. Indeed, the First Circuit has gone so far as to suggest that use of a stay "may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack." *Neverson v. Bissonette*, 261 F.3d 120, 126 n. 3 (1st Cir. 2001) (quoted in *Nowaczyk*, 299 F.3d at 79). In *Rhines v. Weber*, 544 U.S. ___, 125 S. Ct. 1528 (2005), however, the Supreme Court determined that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Id.* at 1534. The Court also noted that these procedures "undermine[] AEDPA's goals of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* Thus, the Court held, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 1535.

In this case, there was no good cause for the petitioner's failure to exhaust each claim in state court.[2] Indeed, he has been ably represented by the same counsel throughout the appellate

---

[1] The primary difference between the two vehicles appears to be that, unlike a stay-and-abeyance, this Court's order obviates the need for periodic status conferences.

[2] It bears noting that in *Rhines*, the Supreme Court remanded the case to the Court of Appeals to determine whether the District Court's grant of a stay constituted an abuse of

4

process.³ Consequently, the respondent respectfully moves, in light of the intervening authority of *Rhines v. Weber*, that the Court restore the case to the active docket, rescind its order of December 16, 2004, and dismiss the case,⁴ or order the petitioner to proceed with his sole exhausted claim.

                                          Respectfully submitted,

                                          THOMAS F. REILLY
                                          ATTORNEY GENERAL

                                          /s/ Daniel I. Smulow
                                          Daniel I. Smulow, BBO # 641668
                                          Assistant Attorney General
                                          Criminal Bureau
                                          One Ashburton Place
                                          Boston, MA 02108
                                          (617) 727-2200, ext. 2949

Dated: August 12, 2005

### Certificate of Compliance with Local Rule 7.1(A)(2)

     I, Daniel I. Smulow, hereby certify that I have spoken with Attorney Michael J. Traft, counsel for the petitioner, but we were unable resolve or narrow the issues.
                                                                              /s/ Daniel I. Smulow

---

discretion. *Rhines*, 125 S. Ct. at 1535-1536.

    ³ The petitioner's counsel is a member of the same law firm that represented the petitioner at his trial in the Essex Superior Court. *See* http//: www.carneybasil.com.

    ⁴ Should the Court dismiss this case, the respondent intends to move to dismiss any subsequent habeas corpus petition as time-barred. 28 U.S.C. § 2244(d)(1). Although this Court's order of December 16, 2004, plainly states "[a]ll material statutes of limitations are tolled as of the date of the filing of the complaint herein," it is the respondent's position that this aspect of the order entered contrary to *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (application for federal habeas corpus review does not toll limitation period), and is therefore invalid. Thus, the AEDPA's statute of limitation did not toll until February 17, 2005, when the petitioner moved for a new trial in the Essex Superior Court.