# UNITED STATES DISTRICT COURT
## District of Massachusetts
Case No. 1:04-cv-10917-WGY

JAMES P. KARTELL,
      Petitioner,

v.

PAUL RUANE, as he is Superintendent of
      Pondville Correctional Center, Norfolk, Massachusetts,
      Respondent

## PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT'S MOTION TO RESCIND ORDER OF DECEMBER 16,2004

The petitioner, James P. Kartell submits this memorandum in opposition to the respondent's motion to rescind this court's order of December 16, 2004 and to either dismiss the petition or, in the alternative, to permit the petitioner to proceed with the sole claim conceded to have been exhausted. The respondent relies on the recent United States Supreme Court decision on Rhines v. Weber, 125 S. Ct. 1528 (2005) to support his position that the previous order is invalid. The petitioner asserts that the Rhines decision provides additional support for the procedure utilized by this Court and that, in light of the principles articulated in that decision, it would be an abuse of discretion to vacate the order and either dismiss the petition or force the petitioner to proceed solely on one claim.

## PROCEEDINGS SUBSEQUENT TO THE ORDER OF DECEMBER 16, 2004

Following this Court's order of December 16, 2004, the petitioner filed in the Essex Superior Court a Motion For Post-Conviction Relief, pursuant to Mass. R. Crim. P. 30. (*See,* Attachment A). The motion, dated February 11, 2005, was received in that Court on February 14, 2005. In addition to the federal aspect of issues presented in this petition, the motion also challenged the admission of evidence introduced as excited utterances on an additional ground, a violation of the federal constitutional right to confront witnesses guaranteed by the Sixth Amendment as explicated in the recent United States Supreme Court decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct.

1534 (2004). The petitioner filed a memorandum in support of the motion together with the motion. Subsequently, the petitioner filed a reply memorandum, on March 18, 2005, and a supplemental reply memorandum, on July 29, 2005. (*See,* Attachment B). These memoranda discuss the petitioner's argument that the <u>Crawford</u> decision, although decided after the conclusion of direct appellate proceedings, is applicable retroactively to the petitioner's case. In addition, the petitioner has argued the applicability of a subsequent Supreme Judicial Court decision, <u>Commonwealth v. Adjutant</u>, 443 Mass. 649, 824 N.E.2d 1 (2005), as further support for the petitioner's argument that the Court should exercise its discretion to order a new trial.

The motion was referred to Superior Court Judge David Lowy. On July 29, 2005, the Court conducted a hearing on the motion and the matter remains under advisement.

## ARGUMENT

### THERE IS NO BASIS TO DISTURB THIS COURT'S ORDER OF DECEMBER 16, 2004

This Court determined, in the order of December 16, 2004, that the petitioner had not exhausted his state remedies with respect to some of the federal constitutional issues raised in the petition and, therefore, administratively closed the case subject to re-opening upon satisfaction of the exhaustion requirement. In accordance with the order, the petitioner filed a motion for post-conviction relief in the state court and that motion has been fully briefed and argued. In the interim, the United States Supreme Court has clarified the process which should be followed whenever a Federal District Court is confronted with a petition for a writ of habeas corpus which contains both exhausted and unexhausted claims. Contrary to the government's characterization, the decision of <u>Rhines v. Weber</u>, 125 S. Ct. 1528 (2005) endorses the use, in most circumstances, of a procedure similar to that used in this case.

The <u>Rhines</u> case sought to resolve a controversy among the circuit courts over how to reconcile the established principle of comity, which affords the state court an opportunity to first consider all issues of federal law raised in a habeas petition, and the statutory goals of the AEDPA to streamline the habeas process and establish finality. The Court determined that a federal district

court may exercise discretion to grant a stay, to afford a petitioner the opportunity to present unexhausted claims to a state court, provided there is "good cause" for doing so. Id., at 1535. The district court should place reasonable time limits on the petitioner's requirement to pursue a state court post-conviction motion and to return to the federal court if he is unsuccessful in obtaining relief. The court should not stay the petition if the claims have no merit. Nor should a stay be granted if the petitioner has sought piecemeal relief as a way to delay final resolution of the case.  Id.

The "good cause" requirement is not intended to unreasonably impair the right to federal relief. The four justices who concurred in the judgment did so on the explicit understanding that the rule was not to be used as a means to trap a litigant and three of them would have preferred that a denial of a stay be limited only to situations in which there has been intentional delay. Id., at 1536. However the term is interpreted, in this case there is clearly "good cause" for permitting the petitioner to proceed with a state court post-conviction motion.

In the original petition to this Court, the petitioner made reference to the Crawford decision in the context of the hearsay issues presented in the petition. In the Massachusetts post-conviction motion, the petitioner has expanded that argument to challenge additional evidence admitted as excited utterances as a violation of the Sixth Amendment under Crawford. The petitioner has argued that the Crawford decision must be applied retroactively to cases on collateral, as well as direct, review. This position is consistent with that taken by the Ninth Circuit, Bockting v. Bayer, 399 F.3d 101, 1015-1020, *amended in part,* 408 F.3d 1127 (9th Cir. 2005), although other Circuits have arrived at the opposite conclusion. *E.g.,* Mungo v. Duncan, 393 F.3d 327, 335-336 (2nd Cir. 2004), *cert. denied,* 125 S.Ct. 1936 (2005).

In Massachusetts, a criminal defendant may always file a new motion for post-conviction relief pursuant to Mass. R. Crim. P. 30 if "justice may not have been done" Rule 30(b), even if this occurs after the completion of an initial direct appeal. Commonwealth v. Azar, 435 Mass. 675, 690, 760 N.E.2d 1224 (2002). Thus the Court can appropriately consider, under albeit a heightened standard of miscarriage of justice, issues that have not been adequately preserved. Commonwealth

3

v. Bly, 444 Mass. 640, 648-651, 830 N.E.2d 1048 (2005). Under these circumstances it is appropriate, in the interest of comity, to first allow the Massachusetts courts to address the unresolved federal constitutional issue of the retroactivity of Crawford and its application to the facts in this case.

The state court may also consider the Crawford decision and its application to this case, even if it is not deemed retroactive. Commonwealth v. Rodriquez, 443 Mass. 707, 710-711, 823 N.E.2d 1256 (2005) (assuming without deciding that the defendant could re-litigate an issue determined in subsequent case law to have been wrongfully decided). In this case, the petitioner has raised both the applicability of the Crawford and recent case law concerning the admission of evidence which bears on the defendant's state of mind where there has been an allegation of self-defense, as additional justification for ordering a new trial. Since the petitioner could not have raised these issues earlier, and they might result in the relief he has sought thus obviating the need for this litigation, there is a substantial basis for finding "good cause" to stay the habeas petition while the petitioner seeks state court relief.

The Supreme Court noted that it would be an abuse of discretion for a district court to deny a stay if the petitioner had good cause, the claims are potentially meritorious, and the petitioner has not engaged in any intentionally dilatory tactics. Here the petitioner has consistently sought an expeditious resolution of his case throughout the appellate process and has continued to remain incarcerated during this entire period. Since the petitioner has demonstrated both good cause for a stay and that his claims have merit, it would constitute an abuse of discretion for the Court to take the action which the government requests.

## REQUEST FOR ORAL ARGUMENT

If, after review of the memoranda, this Court is contemplating allowance of the motion, in whole or in part, the petitioner requests the opportunity for oral argument.

## CONCLUSION

For the foregoing reasons, this Court should deny the respondent's motion to rescind order of December 16, 2004, or, in the alternative, should enter any other appropriate order.

Respectfully submitted,
For JAMES P. KARTELL

/s/ Michael J. Traft
MICHAEL J. TRAFT
B.B.O.# 501480
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
(617) 338-5566

August 26, 2005

## CERTIFICATE OF SERVICE

I, Michael J. Traft, hereby certify that on August 26, 2005, I served a copy of this document by first class mail to: Daniel I Smulow, Assistant Attorney General, Commonwealth of Massachusetts, One Ashburton Place, Boston, MA 02108.

/s/ Michael J. Traft
MICHAEL J. TRAFT

**ATTACHMENT A**

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT
                                             NO. ESCR1999-00655

COMMONWEALTH,

    Plaintiff,

v.

JAMES P. KARTELL,

    Defendant.

## MOTION FOR POST-CONVICTION RELIEF

The defendant James P. Kartell hereby moves, pursuant to Mass. R.Crim.P. 30, that this Court vacate the judgment of conviction and order a new trial on the charge in the above-entitled matter.

In support of this motion, the defendant asserts the following:

1.   On March 31, 1999, the Essex County Grand Jury in Salem, Massachusetts indicted James P. Kartell, (hereinafter referred to as "the defendant") for the murder in the first degree of Janos Vajda. (Essex County Superior Court No. ESCR1999-00655). The case went to trial before Judge Isaac Borenstein and a jury on June 5, 2000 and continued for three weeks. On June 23, 2000, after four days of deliberations, the jury found the defendant guilty of manslaughter. The judge continued the case for sentencing and held the defendant in custody at that point without bail. On July 19,

2000, the judge sentenced the defendant to serve five to eight years in state prison.

2.    The defendant's appeal was docketed in the Massachusetts Appeals Court on January 24, 2002. After oral argument on November 22, 2002, the Appeals Court issued an opinion on June 30, 2003 affirming the judgment. Commonwealth v. Kartell, 58 Mass. App. Ct. 428, 790 N.E.2d 739 (2003) (see attached opinion). The defendant timely filed an application for further appellate review to the Massachusetts Supreme Judicial Court. On September 5, 2003, that Court denied the petition. 440 Mass. 1102, 795 N.E.2d 573 (2003). The defendant filed a petition for habeas corpus relief in the Federal District Court in Massachusetts on May 11, 2004. (U.S. Dist. Ct. Mass. No. 1:04-cv-10917). After a hearing on the Commonwealth's motion to dismiss for failure to exhaust state court remedies on December 16, 2004, the Court (Young, C.J.) determined that some of the grounds raised had not been presented in the state court as federal issues and ordered that the defendant either proceed to seek exhaustion in the state court or withdraw the claims. This motion addresses those issues.

3.    The defendant asserts the following violations of federal constitutional law:

(A) The admission as an excited utterance of statements by an unavailable witness made to a police officer who was investigating the criminal incident and a statement to a hospital employee that the defendant habitually carried his weapon in a leg holster rather than, as he had done on the day of the altercation, in a pocket

holster, violated the defendant's federal constitutional right to confront witnesses pursuant to the 5th and 14th Amendments.

(B) The argument of the prosecutor and the instructions to the jury permitted a determination that a defendant who acts reasonably in self-defense in inflicting a fatal gunshot wound can nevertheless be found guilty of manslaughter by reason of the use of excessive force solely for inflicting a second fatal wound a few seconds later during the same altercation, in violation of the defendant's federal constitutional rights to due process of law and to present a defense pursuant to the 5th, 6th and 14th Amendments.

(C) The exclusion of evidence concerning the past behavior of the decedent which the defendant asserted had influenced his reaction at the time of the altercation, violated the defendant's state and federal constitutional rights to due process of law and to present a defense pursuant to the 5th, 6th and 14th Amendments.

(D) The combination of the errors listed above, the admission of irrelevant evidence, and the prosecutor's misconduct with respect to discovery issues and final argument, violated the defendant's federal constitutional right to due process of law pursuant to the 5th, 6th and 14th Amendments.

4. All of these issues were raised in some manner in the appeal. The defendant maintains, contrary to the argument of the Commonwealth in federal court, that he also has raised these claims, with the exception of one aspect of issue (a) as discussed in paragraph 5 below, as issues of federal constitutional law. To

3

the extent that he has not done so, this motion asserts the claims as a matter of federal law.

5.    Subsequent to the denial of further appellate review in this appeal, the United States Supreme Court decided the case of Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), which establishes a new understanding of the scope of the 6th Amendment right to confront witnesses as it relates to the admission of certain types of hearsay evidence. Based upon that ruling, in addition to the arguments previously raised, the defendant asserts that the admission of statements allegedly made by the defendant's wife violated the defendant's state and federal constitutional rights to confront witnesses.

6.    Under the circumstances presented in this motion, and argued in more detail in the accompanying memorandum of law, the defendant has established prejudicial constitutional error and thus this court must order a new trial. In the alternative, this Court should exercise its discretion to order a new trial because justice may not have been done at the defendant's trial.

WHEREFORE, the defendant requests that this Court:

1.    Order a hearing on this motion, as soon as practicable;

2.    After a hearing, vacate the judgment of conviction and order a new trial;

3.    Grant any other appropriate relief.

4

Respectfully Submitted
JAMES P. KARTELL
By His Attorney,


_____
Michael J. Traft
B.B.O. #501480
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
(617) 338-5566

Dated: February 11, 2005

<u>CERTIFICATE OF SERVICE</u>

　　　I, Michael J. Traft, hereby certify that on February 11, 2005, I served a copy of Motion For Post-Conviction Relief, by mailing same, first class mail, postage prepaid to: Gregory I. Massing, A.D.A., District Attorney's Office, Museum Place, Two East India Square, Salem, MA 01970, the attorney of record for the Commonwealth in this matter.


_____
Michael J. Traft

5

**ATTACHMENT B**

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                              SUPERIOR COURT
                                        NO. ESCR1999-00655


COMMONWEALTH,

    Plaintiff,

v.

JAMES P. KARTELL,

    Defendant.


**SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR POST-CONVICTION RELIEF**

     The defendant submits this supplemental reply memorandum to provide a brief update on new developments in the law as they relate to a few of the issues raised in the motion for post-conviction relief.

**ARGUMENT**

**I.  ADMISSION AS AN EXCITED UTTERANCE OF STATEMENTS TO AN INVESTIGATING POLICE OFFICER AND A HOSPITAL WORKER VIOLATED THE FEDERAL CONSTITUTIONAL REQUIREMENT FOR CROSS-EXAMINATION AS EXPLICATED IN THE SUPREME COURT DECISION IN CRAWFORD V. WASHINGTON**

    The question concerning the potential retroactive application of the United States Supreme Court decision in Crawford v. Washington, 124 S. Ct. 1354 (2004) to cases on collateral review remains in dispute, both in this state and nationally. The Ninth Circuit Court of Appeals has on reconsideration affirmed the initial holding that Crawford is retroactive, although the case remains under consideration for a possible en banc rehearing.

Bockting v. Bayer, 399 F.3d 1010, 1015-1020, amended in part, 408 F.3d 1127 (9th Cir. 2005). The United States Supreme Court has denied certiorari on decisions from the Second and Tenth Circuits which reached the opposite conclusion. Mungo v. Duncan, 393 F.3d 327, 335-336 (2nd Cir. 2004) cert. denied, 125 S.Ct. 1936 (2005). Brown v. Uphoff, 381 F.3d 1219 (10th Cir. 2004), cert. denied, 125 S.Ct. 940 (2005). At least one other state court has weighed in against collateral retroactivity. In re Markel, 154 Wash.2d 262, 111 P.3d 249, 252, n.14 (2005).

In Massachusetts, the general issue of the retroactive application of Crawford, as well as the specific application of that decision to excited utterances, remain under consideration by the Supreme Judicial Court. Commonwealth v. Gonsalves (SJC-09329), Commonwealth v. Foley (SJC-09346), Commonwealth v. Rodriguez (SJC-09352). There have been several decisions in other jurisdictions on the application of this new interpretation of the Sixth Amendment[1] confrontation clause to excited utterances. The Sixth Circuit Court of Appeals held that statements made in a 911 call and subsequently to a responding police officer were "testimonial" in nature and a violation of Crawford. United States v. Arnold, 410 F.3d 895, 902-904 (6th Cir. 2005). The Court repeated its earlier holding that a "statement made knowingly to the authorities that describes criminal activity is almost always testimonial." United States v.

---

[1]The defendant requests that the appropriate citation of the Sixth Amendment be substituted for the erroneous reference to the Fifth Amendment on page 2 of the reply memorandum.

2

<u>Cromer</u>, 389 F.3d 662, 675 (6th Cir. 2004). Other states have also noted that a statement admissible as an excited utterance under previously established principles is not, for that reason alone, deemed non-testimonial and exempt from confrontation clause considerations. <u>Manuel v. State</u>, 2005 WL 1130183 (Fla. App. Dist. 1, 2005)(admission of excited utterance was reversible error). <u>Hammon v. State</u>, 829 N.E.2d 444 (Ind. 2005) (statement in this case not testimonial). <u>Davis v. State</u>, 2005 WL 1173964 (Tex. App. 2005) (<u>Crawford</u> violation is harmless error).

The clear import of these cases is that the statements to Officer Himmer were most certainly admitted in violation of the principles newly articulated by the United States Supreme Court. The statements to Carol Brown, despite her status as a hospital employee, are also likely encompassed by that ruling. In combination, they provided a framework for the picture the prosecution attempted to portray of a vengeful response to Vadja's assault which could not be gleaned from the momentary glimpses of portions of the fight testified by others. Even if the Carol Brown statements are determined to have been admissible, the statements to Officer Himmer alone cannot be deemed harmless. Because of the newly explicated violations of the federal constitution, which are appropriately applied retroactively to this case, this Court should order a new trial.

**II. THIS COURT SHOULD EXERCISE ITS DISCRETION UNDER MASS. R. CRIM. P. 30 TO CONSIDER ANY FEDERAL ISSUES DEEMED NOT TO HAVE BEEN PREVIOUSLY PRESENTED AND TO EVALUATE THE ENTIRE CASE IN LIGHT OF THE RECENT CHANGE IN THE LAW**

In two recent cases, the Supreme Judicial Court has clarified the role of the Superior Court in considering a post-conviction motion pursuant to Mass. R. Crim. P. 30 containing issues which have been raised in some form, or could have been raised, in a previous trial or appeal. If an issue has not been preserved, it can no longer be resurrected as if subject to proper objection, even if the post-conviction motion is made prior to any appeal. Commonwealth v. Bly, 444 Mass. 640, 648-651 (2005). That is so because an unpreserved issue can be considered on a motion for new trial, regardless of the timing of the motion, if the error alleged could expose a flaw which constitutes a substantial risk of a miscarriage of justice. Id. Commonwealth v. Azar, 435 Mass. 675, 690 (2002).

In light of that universal standard, a defendant is not necessarily precluded by direct estoppel from bringing anew an issue which has already been determined in a prior appeal. Commonwealth v. Rodriquez, 443 Mass. 707, 710-711 (2005) (assuming without deciding that the defendant could re-litigate an issue determined in subsequent case law to have been wrongly decided). The defendant contends that the combination of what he continues to allege were erroneous determinations in his original appeal, coupled with the confrontation clause violations exposed by the decision of Crawford v. Washington, 124 S. Ct. 1354 (2004) and the

4

expanded view of the admissibility of the evidence of the alleged victim's previous behavior articulated in <u>Commonwealth v. Adjutant</u>, 443 Mass. 649 (2005), demonstrates that the defendant's conviction in this case was a result of a flawed trial and constitutes a substantial risk of a miscarriage of justice.

On appeal, the defendant argued that statements of Suzan Kamm concerning where the defendant habitually carried his gun were inadmissible because they did not meet the established definition of excited utterances. The <u>Crawford</u> decision demonstrates that most if not all of Suzan Kamm's statements should have been excluded for the additional reason that they violated the confrontation clause of the Sixth Amendment. The defendant also raised on appeal his objection to the exclusion of evidence of Vadja's past behavior on the basis that it was known to him and influenced his belief that he was required to use deadly force in self-defense. The SJC in <u>Adjutant</u> established the requirement that the past behavior of an alleged victim, even if unknown to the defendant, is admissible if it can shed light on who was the aggressor and thus whether the use of deadly force was justified in self-defense. These cases establish that the trial court erroneously admitted evidence which bolstered the Commonwealth's theory of the use of unwarranted excessive force and excluded evidence which would have supported his claim of justifiable self-defense. In combination, these errors likely played a crucial role in the ultimate outcome.

The SJC indicated that the new rule in <u>Adjutant</u> would be applied only prospectively. <u>Commonwealth v. Adjutant</u>, 443 Mass.

649, 667 (2005). That ruling does not preclude this Court, however, from considering the ruling in the context of the requirement in Rule 30 to correct a miscarriage of justice. Indeed, another Superior Court judge has taken that same position and ordered a new trial in a case tried before the <u>Adjutant</u> decision where the judge had excluded evidence of the alleged victim's past aggressive actions and the case involved a claim of the excessive use of deadly force in self-defense. <u>Commonwealth v. Pring-Wilson</u>, (Middlesex Superior Court Crim. No. 2003-684, 6/24/05). Since the evidence went to the core of the factual dispute, the evidentiary exclusion was significant enough to question the propriety of the verdict.

A full consideration of the erroneous rulings in this case likewise exposes the likelihood that a miscarriage of justice has occurred. Thus, even if the new evidentiary rulings are not retroactively applicable to the defendant in a direct manner at this stage of the litigation, they still may be considered in the context of this Court's obligation to consider whether justice has been done.

## CONCLUSION

For the foregoing reasons, and those previously articulated in the earlier memoranda, this Court should expeditiously schedule a hearing on this motion, vacate the judgments of conviction and order a new trial or, in the alternative, grant any other appropriate relief.

Respectfully Submitted
JAMES P. KARTELL
By His Attorney,


_____
Michael J. Traft
B.B.O. #501480
Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
(617) 338-5566

Dated: July 29, 2005

## CERTIFICATE OF SERVICE

I, Michael J. Traft, hereby certify that on July 29, 2005, I served a copy of Supplemental Reply Memorandum In Support Of Motion For Post-Conviction Relief, by hand-delivery at the Essex County Superior Court to: Gregory I. Massing, A.D.A., District Attorney's Office, Museum Place, Two East India Square, Salem, MA 01970, the attorney of record for the Commonwealth in this matter.

_____
Michael J. Traft

7