UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES P. KARTELL
    Petitioner

Civil Action No. 04-10917-WGY

v.

PAUL RUANE
    Respondent

**RESPONDENT'S MOTION FOR RECONSIDERATION OF ORDER CONTINUING STAY AND ABEYANCE OR FOR CERTIFICATION OF THAT ORDER FOR IMMEDIATE APPEAL UNDER 28 U.S.C. § 1292(B)**

The respondent, through counsel, hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 59(e), to reconsider and vacate its October 26, 2005 Order continuing the stay-and-abeyance in the above-referenced case. As grounds, the respondent states that it appears that the Court abused its discretion in its determination that there was good cause for the petitioner's failure to exhaust each of his claims before filing his federal habeas corpus petition.

I.    BACKGROUND

On October 26, 2005, this Court heard argument on the respondent's motion to rescind the stay-and-abeyance that the Court entered on December 16, 2004. The grounds for the respondent's motion was the Supreme Court's recent opinion in *Rhines v. Weber*, 125 S. Ct. 1528 (2004). Pursuant to *Rhines*, prior to entering a stay-and-abeyance, a district court must find that: 1) there was good cause for the petitioner's failure to exhaust his claims; 2) the unexhausted claims are potentially meritorious; and 3) the petitioner has not engaged in dilatory tactics by seeking the stay. *Id.* at 1534-1535. This Court quickly, and in the respondent's view, correctly,

determined that the petitioner has met the third prong of *Rhines* in this case. It is with respect to the first two prongs that the respondent respectfully requests reconsideration.

II.     ANALYSIS

    A.     <u>The Law Was Clear As To Exhaustion At The Time The Petitioner Applied For Habeas Corpus Relief</u>.

In its ruling upholding the stay, the Court noted that the "hardest prong" of *Rhines* for the petitioner to satisfy is "good cause for not making these arguments." Tr. 9. The Court nevertheless ruled in the petitioner's favor because of "a change in the First Circuit law which requires you to most expressly lay out your federal court claims in the state court and before the state high court. That was not as express at the time this case first went up as it later came to be. In my mind, that is sufficient good cause." Tr. 9. The respondent agrees that when the petitioner proceeded through the direct appellate process in the Commonwealth's courts, the law as to what is required to meet the exhaustion requirement was not as clear. Indeed, *Barresi v. Maloney*, 296 F.3d 48, 52 (1st Cir. 2002), held that pleadings provided to lower courts could provide a "backdrop" against which later pleadings would be viewed. The flaw here, however, is that the pertinent time to examine the governing law was when the petitioner filed his habeas corpus petition, not when he sought direct appellate review from his state court conviction.

Dr. Kartell filed his habeas corpus petition on May 7, 2004. Approximately two months earlier, the Supreme Court decided *Baldwin v. Reese*, 541 U.S. 27 (March 2, 2004). In *Baldwin*, the Court held that a petitioner "fairly presents" a federal claim only by presenting them to the state's highest court. *Id.* at 31-32 (state appellate judge's need not read opinions of lower courts). Although the exhaustion requirement was admittedly more ambiguous prior to *Baldwin*, once the

Supreme Court decided that case, the petitioner had the burden of returning to the state court to exhaust each claim before turning to this Court for relief.[1]  By electing instead to proceed with his federal habeas petition without first returning to the state courts, the petitioner risked having the unexhausted claims dismissed.  In light of the clearly established law, as enunciated by the Supreme Court some sixty days before he filed his petition, there is no good cause for the petitioner's failure to exhaust his claims.  For this reason, the respondent respectfully requests the Court reconsider its order and lift the stay and abeyance, or in the alternative, as it suggested it might do at the October 26 hearing, certify the matter to the First Circuit Court of Appeals.  Tr. 10.

    B.    <u>The Superior Court's Denial of The Petitioner's New Trial Motion Indicates That It Lacks Merit</u>.

When the Court ruled that the issues presently sought to be exhausted had potential merit, neither the Court nor the parties were aware that a day earlier a justice of the Superior Court had denied the petitioner's new trial motion in a twenty-nine page written opinion.  While it is certainly possible that one of the Commonwealth's appellate courts will reverse the ruling of the associate justice of the Superior Court, it is plain that at least one of the Commonwealth's courts has determined that the issues the petitioner seeks to raise lack merit.  For this reason as well, the respondent respectfully asks the Court to reconsider its ruling.

## CONCLUSION

For all the foregoing reasons, the respondent respectfully requests that the court reconsider its October 26, 2005 continuing the stay and abeyance or, in the alternative, certify its

---

[1] Had he done so, the AEDPA's one-year statute of limitations would have been tolled for as long as it took him to adjudicate his claims in state court.  28 U.S.C. § 2244(d)(2).

order for immediate appeal under 28 U.S.C. § 1292(b).

        Respectfully submitted,

        THOMAS F. REILLY
        ATTORNEY GENERAL

        /s/ Daniel I. Smulow
        Daniel I. Smulow
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts  02108
        (617) 727-2200 ext. 2949
        BBO No. 641668

Dated:  November 3, 2005

### Certificate of Compliance with Local Rule 7.1(A)(2)

I, Daniel I. Smulow, hereby certify that I spoke with Attorney Michael J. Traft, counsel for the petitioner, on November 3, 2005, and that we were unable to resolve or narrow the issues.

        /s/ Daniel I. Smulow

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the petitioner, James P. Kartell, on November 3, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to her counsel as follows: Michael J. Traft, Esq., Carney & Bassil, 20 Park Plaza, Suite 1405, Boston, MA 02116.

        /s/ Daniel I. Smulow